**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 24 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BOLA AJIWOJU,

    Plaintiff-Appellant,

v.

CAROL MARINOVICH, Mayor,
Representative to Wyandotte County
Government and GEORGE
GRONEMAN,

    Defendants-Appellees.

No. 01-3073
(D.C. No. 98-CV-2573-GTV)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **EBEL, KELLY,** and **LUCERO**, Circuit Judges.

Plaintiff-Appellant, Bola Ajiwoju, appeals the district court's denial of his

motion under Federal Rules of Civil Procedure 60(b)(6) to reopen Case No.98-

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

2573-GTV. The district court did not err in denying the motion; therefore, that denial should be affirmed.

The parties are familiar with the procedural history of this case, the details of which are stated in Ajiwoju v. Marinovich, No. 99-3101, 1999 WL 679829, at *1 (10th Cir. Sept. 1, 1999). In that case, Ajiwoju argued that the Unified Government of Wyandotte County was vicariously liable for Judge Groneman's conduct and for the actions of the Housing Authority of Kansas City, Kansas. Id. at *2. This Court explicitly rejected those arguments. Id. Because Ajiwoju failed to state a legal theory on which to base his claim, this Court affirmed the district court's dismissal of the claim. Id. The Supreme Court denied Ajiwoju's petition for writ of certiorari on December 6, 1999. See Ajiwoju v. Groneman, et al., 120 S. Ct. 589 (1999).

On December 5, 2000, December 12, 2000, and January 31, 2001, Ajiwoju filed motions to reopen the case, pursuant to Federal Rules of Civil Procedure 60(b)(6), stating that he was entitled to relief "based on the principal and agency relationship between Wyandotte County, their courthouse, Unified Government of Wyandotte County, and [the Kansas City Kansas] Housing Authority." (Aplt App., Doc. 58.) The district court denied these motions because Appellant had not shown any sufficient legal reason that would justify re-opening the case or setting aside the prior judgment. (Aplt. App., Docs. 59, 54.)

The district court did not err in denying these motions, as Appellant's claims are foreclosed by the law of the case doctrine. See McIlravy v. Kerr-McGee Coal Corp., 204 F.3d 1031, 1035 (10th Cir. 2000). That doctrine instructs that the decision of the appellate court upon a rule of law shall continue to govern those same issues in subsequent stages of that case. See id. at 1034.

In the instant case, the issue of Wyandotte County's vicarious liability for Judge Groneman and the Housing Authority of Kansas City has been decided previously by this Court. See Ajiwoju v. Marinovich, 1999 WL 679829, at *2. As such, the law of the case doctrine bars the relitigation of that issue through a Rule 60 (b)(6) motion.

Accordingly, the district court's denial of Appellant's motion to reopen is AFFIRMED.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge